# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiff**

**-vs-**                                                                         **Case No. 2:06-cr-10-FtM-29DNF**

**ELIZABETH ERNST,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

        This matter is before the Court on the issue of the amount of restitution to be imposed. On March 19, 2007, the Honorable John E. Steele, United States District Judge entered an Order (Doc. 65) which referred the issue of restitution to this Court to conduct an evidentiary hearing and to prepare a Report and Recommendation as to the amount of restitution to be imposed on the Defendant, Elizabeth Ernst. The Court held an evidentiary hearing on April 11, 2007[1].

        Pursuant to the Judgment (Doc. 68), the Defendant was sentenced to a term of 27 months as to each Count of the Superceding Indictment (Doc. 22) to be served concurrently. (Doc. 68, p. 2). The Judgment provided that the total amount of restitution was to be determined at a later date. (Doc. 68, p. 6).

        A court is required to order restitution to each victim for the full amount of each victim's loss without consideration of the economic circumstances of the defendant. 18 U.S.C. §3664(f)(1)(A).

---

[1] The hearing on restitution was set originally on March 30, 2007. (See, Doc. 66). At the Defendant's request, the hearing was rescheduled twice. (See, Docs. 69, 70, 72, 73).

Any dispute as to the amount of restitution must be determined by the Court by a preponderance of the evidence. 18 U.S.C. §3664(e). The Government has the burden of demonstrating the amount of the loss as a result of the offense. *Id*.

At the outset of the hearing, the parties informed the Court that they had agreed to the amount of restitution as to Todd Michaels and Wachovia Bank, but had not agreed on the amount of restitution as to Thomas Quelet. The hearing was limited to the issue of the amount of restitution for Thomas Quelet. During Mr. Quelet's testimony, the Government and the Defendant reached an agreement as to the amount of restitution as it applies to Mr. Quelet. The agreement was that the amount of restitution for Mr. Quelet was the $92,683.52 from the Plea Agreement (Doc. 49, p. 13); plus $1,971.08 (a VISA Business Card; $1,613.23 (Staples Credit Acct.); and $1,149.86 (Office Depot Credit Acct.) for a total of $97,417.69.

It is respectfully recommended the District Court should accept the agreement reached by the parties and impose restitution on the Defendant, Elizabeth Ernst in the following amounts:

| NAME | AMOUNT OF RESTITUTION |
|---|---|
| Todd Michaels | $ 47,828.51 |
| Wachovia Bank | $ 18,812.80 |
| Thomas Quelet | $ 97,417.69 |
| **TOTAL** | $164,059.00 |

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this __12th__ day of April, 2007.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record