UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                                          2:06-cr-10-FtM-29DNF

ELIZABETH ERNST

_____

**<u>OPINION AND ORDER</u>**

This matter comes before the Court on Defendant's Motion to Quash Writ of Garnishment (Doc. #104) filed on July 15, 2010. The United States filed a Response (Doc. #105) asserting the motion was moot, but later determined this was incorrect and, with the permission of the Court (Doc. #107), filed a Supplemental Response (Doc. #108) opposing the motion to quash. Defendant filed a Reply (Doc. #109) to the Supplemental Response on August 30, 2010.

**I.**

On January 18, 2006, defendant Elizabeth Ernst (defendant or Ernst) was charged in a one-count Indictment (Doc. #1) with Bank Fraud. On March 29, 2006, Ernst was charged in a Superceding Indictment (Doc. #22) with two counts of Bank Fraud. In due course, defendant pled guilty to both counts pursuant to a Plea Agreement (Doc. #49) which did not contain a provision relating to restitution. On March 19, 2007, defendant was sentenced to 27 months imprisonment on each count, to run concurrently, followed by 60 months supervised release. (Docs. ## 64, 67, 68.) The Court referred the issue of restitution to a magistrate judge for an

evidentiary hearing and preparation of a Report and Recommendation. (Doc. #65.) On April 12, 2007, the magistrate judge filed a Report and Recommendation (Doc. #77) recommending restitution in the total amount of $164,059.00 to three victims. No objections were filed, and the Court accepted and adopted the recommendation. (Doc. #78.) In an Amended Judgment filed on May 7, 2007 (Doc. #79), the Court added the restitution amounts and provided:

> You are hereby ordered to begin payment immediately and continue to make payments to the best of your ability until this obligation is satisfied. While in custody you are directed to participate in the Bureau of Prisons Financial Responsibility Program, if eligible, and upon your release from custody you shall adhere to a payment schedule as determined by the Probation Office.

(Doc. #79, p. 6.) No specific payment schedule was established in the Judgment. No direct appeal was filed.

Defendant's supervised release began on March 24, 2009, but no specific payment schedule was established by the Court or the Probation Office. Defendant made no payments toward the restitution.

On February 17, 2010, the United States filed an Application for Writ of Continuing Garnishment (Doc. #83) directed to defendant's employer, Acoustiblok, Inc., pursuant to the 28 U.S.C. § 3205, a portion of the Federal Debt Collection Procedures Act of 1990, 28 U.S.C. §§ 3001-3308. The Court entered an Order (Doc. #84) the same day granting the Application, and a Writ of Continuing Garnishment (Doc. #85) issued the next day. Defendant

was served with the Application, Order, Writ, and Clerk's Notice of Post-Judgment Garnishment (Doc. #86), but failed to file any claim for exemption or objection, and failed to request a hearing. On May 5, 2010, the United States filed its Motion for Entry of Final Order in Garnishment (Doc. #92), and on May 25, 2010, the Court entered a Final Order in Garnishment. (Doc. #93.)

On May 25, 2010, the Probation Office prepared a Petition (Doc. #101) for modification of supervised release in order to set the restitution payment at $150 per month. The Petition stated that since defendant's release from prison she had been employed full time at $10 per hour; that she was being garnished at the rate of 25% of her gross monthly income, which resulted in garnishments of approximately $400 per month; and that after paying necessary monthly expenses she will consistently fall short by approximately $250 per month. The Petition reported that the United States refused to agree to the $150 amount in lieu of garnishment. (Id.)

On June 2, 2010, the Court caused a Notice of Hearing to issue on the Petition. (Doc. #94.) After a June 15, 2010 hearing, the Court appointed the Federal Public Defender to represent defendant and scheduled another hearing. (Docs. ## 96, 97.) After a July 8, 2010 hearing, the Court granted the Petition, set the restitution payment at $150.00 per month, and provided that any amount received through garnishment would be credited against this monthly

installment payment. (Docs. ## 100, 102.) A Second Amended Judgment (Doc. #103) was entered.

The United States continues to garnish defendant's wages, collecting 25% of defendant's income, which often exceeds the $150.00 monthly payment set by the Court. Defendant argues that the Court cannot and should not allow continued garnishment, while the government argues that the Court can and should continue to do so.

**II.**

As part of its sentence, a court "shall order restitution in accordance with section 3663A, . . ." 18 U.S.C. § 3556. Title 18 U.S.C. § 3663A, the Mandatory Victim Restitution Act (MVRA), requires a court to impose the full amount of restitution to the victims of a bank fraud as part of its sentence upon a defendant. 18 U.S.C. §§ 3663A(a)(1), (c)(1)(A). In this case, Ernst was required to make restitution because she defrauded at least three identifiable victims of property and caused them pecuniary loss. 18 U.S.C. §§ 3663A(a), (c)(1)(A)(ii), (c)(1)(B). Restitution is ordered without regard to defendant's economic circumstances. 18 U.S.C. § 3664(f)(1)(A)("In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant."); United States v. Jones, 289 F.3d 1260, 1264-65 (11th Cir. 2002).

Such restitution orders are issued and enforced in accordance with 18 U.S.C. § 3664.  See 18 U.S.C. §§ 3556; 3663A(d).

Section 3664 provides that the United States may enforce an order of restitution in the manner provided for in subchapter C of chapter 227 (which is 18 U.S.C. §§ 3571-3574) and subchapter B of chapter 229 of Title 18 (which is 18 U.S.C. §§ 3611-3615), or by all other available and reasonable means.  18 U.S.C. § 3664(m)(1)(A)(i)-(ii).  The operative enforcement provision is 18 U.S.C. § 3613, which provides "Civil remedies for satisfaction of an unpaid fine," but is fully "available to the United States for the enforcement of an order of restitution."  18 U.S.C. § 3613(f).  Thus,

> The United States may enforce a judgment imposing a fine [or restitution] in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. Notwithstanding any other Federal law . . . a judgment imposing a fine [or restitution] may be enforced against all property or rights to property of the person fined [or ordered to pay restitution], except that-
>
> > (1) property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law;
> >
> > (2) section 3014 of chapter 176 of title 28 shall not apply to enforcement under Federal law; and
> >
> > (3) the provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. § 1673) shall apply to enforcement of the judgment under Federal law or State law.

18 U.S.C. § 3613(a)(1)-(3).

One of the provisions of federal law which may be utilized by the United States to enforce a restitution order in a criminal case is the Federal Debt Collection Procedures Act of 1990 (FDCPA), 28 U.S.C. § 3001-3308. 28 U.S.C. §§ 3001(a), (b); 3003(b)(2). The United States may utilize the FDCPA in a criminal case to collect the restitution included in a criminal judgment. United States v. Kollintzas, 501 F.3d 796, 800-01 (7th Cir. 2007); United States v. Mays, 430 F.3d 963, 965 (9th Cir. 2005). This includes restitution owing to a private party, and not the United States itself. United States v. Phillips, 303 F.3d 548, 550-51 (5th Cir. 2002).

The FDCPA in turn authorizes the United States to garnish property "in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment." 28 U.S.C. § 3205(a). If the court determines the statutory requirements have been satisfied, the court "shall issue" a writ of garnishment. 28 U.S.C. § 3205(c)(1). The government's power to collect restitution is subject to the restrictions on garnishment of section 303 of the Consumer Credit Protection Act (CCPA), 15 U.S.C. § 1673 (2006). See 18 U.S.C. § 3613(a)(3). Section 303 of the CCPA restricts garnishment to twenty-five percent of a debtor's weekly disposable earnings, or the amount by which her weekly disposable earnings exceed thirty times the federal minimum hourly

wage, whichever is less.   15 U.S.C. § 1673(a); 29 C.F.R. § 879.10(c).  "No court of the United States or any State, and no State (or officer or agency thereof), may make, execute, or enforce any order or process in violation of [Section 303]."   15 U.S.C. § 1673(c).

### III.

#### A.  Underlying Restitution Order

Defendant argues that there was not a valid restitution order, and therefore the Court lacked jurisdiction to issue the writ of garnishment.  Defendant asserts that the restitution order was not valid because the criminal judgment did not set forth a schedule for payment which was within defendant's means.  (Doc. #104, p. 4.) While there was indeed no schedule of payments in the judgment, the Court rejects defendant's argument that this rendered the restitution order invalid.

After determining the amount of restitution owed to each victim, the Court is required to specify "the manner in which, and the schedule according to which, the restitution is to be paid," after considering the financial resources and assets, projected earnings and income, and any financial obligations of defendant. 18 U.S.C. § 3664(f)(2)(A)-(C).  The restitution order "may direct the defendant to make a single, lump-sum payment, partial payments at specified intervals, in-kind payments, or a combination of payments at specified intervals and in-kind payments," or nominal

periodic payments. 18 U.S.C. § 3664(f)(3)(A)-(B). "If the . . . restitution order . . . permits other than immediate payment, the length of time over which scheduled payments will be made shall be set by the court, but shall be the shortest time in which full payment can reasonably be made." 18 U.S.C. § 3572(d)(2). Setting a restitution schedule and its duration may not be delegated to the probation office. United States v. Prouty, 303 F.3d 1249, 1254-55 (11th Cir. 2002).

In this case, the Court ordered defendant to "begin payment immediately and continue to make payments to the best of your ability until this obligation is satisfied." (Doc. #79, p. 6.) No specific schedule was established in the judgment. Upon defendant's release from prison, the judgment directed that she "adhere to a payment schedule as determined by the Probation Office." (Id.) The Probation Office established no such payment schedule, and it was not until the Court established the $150 per month amount that a schedule was imposed.

The Court rejects defendant's argument that the Court lacked jurisdiction to issue the garnishment because the underlying restitution order was invalid. First, defendant did not object to the restitution amount after the Report and Recommendation, and did not challenge the restitution portion of the Amended Judgment before the district court or in a direct appeal. Defendant has failed to demonstrate exceptional circumstances that would excuse

these failures.  Therefore, defendant has waived her right to object to the validity of the restitution order.  Cani v. United States, 331 F.3d 1210, 1213-14 (11th Cir. 2003).  See also United States v. Minneman, 38 Fed. Appx. 321, 323 (7th Cir. 2002). Second, defendant is not authorized to challenge the validity of the restitution order in a proceeding under the FDCPA.  United States v. Smith, 88 Fed. Appx. 981 (8th Cir. 2004)(citing 28 U.S.C. § 3202(d) for the proposition that a FDCPA hearing is limited to determining validity of any claim of exemption, government's compliance with statutory requirements, and validity of default judgments).  Third, the absence of a schedule of payments inured to defendant's benefit, causing no prejudice.  Defendant was ordered in the Judgment to begin payments immediately, but failed to make any payments.  Finally, the lack of a specific payment schedule does not affect the United States' ability to enforce the restitution judgment, which exists independently of any court-ordered schedule.  United States v. Ekong, 518 F.3d 285, 286 (5th Cir. 2007); United States v. Shusterman, 331 Fed. Appx. 994, 996-97 (3rd Cir. 2009); Minneman, 38 Fed. Appx. at 323; United States v. Lawrence, 538 F. Supp. 2d 1188, 1193 (D.S.D. 2007).

**B. Continuing Garnishment**

Defendant argues that since the Court has now set a restitution schedule, there should be no garnishment so long as defendant complies with the schedule.  (Doc. #104, pp. 4-7.)

Additionally, defendant argues that while she can pay $150.00 per month, the garnished amount is not within her means.

The United States correctly argues that defendant's motion is untimely if viewed as an objection to the garnishment or a claim of exemption. Such an objection or claim had to have been filed within 20 days of the receipt of the Clerk's Notice, 28 U.S.C. § 3202(d), or of the garnishee's answer. 28 U.S.C. § 3205(c)(5). Petitioner's motion was filed over 140 days after the Clerk's Notice and over 120 days after the garnishee's answer.

Therefore, the Court lacks the authority to quash the garnishment pursuant to § 3202. Even under a timely objection under § 3202, the Court is not able to consider defendant's financial situation or the equities of the case. Smith, 88 Fed. Appx. at 981; Lawrence, 538 F. Supp. 2d at 1194 (collecting cases).

The Court does, however, have such authority under another applicable statute. "The court may at any time on its own initiative or the motion of any interested person, and after such notice as it may require, make an order denying, limiting, conditioning, regulating, extending, or modifying the use of any enforcement procedure under this chapter." 28 U.S.C. § 3013. This statute grants a district court broad discretion to modify the use of any enforcement procedure under the FDCPA. FTC v. Nat'l Bus. Consultants, Inc., 376 F.3d 317, 321 (5th Cir. 2004). Courts have held that a district court may consider a defendant's inability to

pay under 28 U.S.C. § 3013 and may limit the government's enforcement remedies. United States v. Ogburn, 499 F. Supp. 2d 28, 30-32 (D.D.C. 2007); United States v. Crowther, 473 F. Supp. 2d 729, 731 (N.D. Tex. 2007); United States v. Kaye, 93 F. Supp. 2d 196, 199 (D. Conn. 2000); Lawrence, 538 F. Supp. 2d at 1194, n.3, 1194-95.

In this case, the Court has recently determined, pursuant to its authority under 18 U.S.C. § 3664(f)(2), that defendant could reasonably afford $150 a month towards restitution. (Doc. #103, p. 6.) The issue of the appropriateness of continued garnishment was not before the Court, although the Court provided that any garnished amount would be credited towards the $150 monthly amount. (Id.) Now that the issue is before the Court and has been fully briefed, the Court concludes that the $150 per month amount remains the amount defendant can reasonably afford at the current time and that under 28 U.S.C. § 3013 the Court has the authority to modify the writ of garnishment to limit the monthly garnished amount to $150. It is the intent of the order set forth below that defendant pay $150 per month towards her restitution, either through the continuing bi-weekly writ of garnishment or by voluntary bi-weekly payments. It is further the Court's intent that the continuing writ of garnishment not be quashed, but that it be suspended for those bi-weekly periods for which defendant makes a timely payment. Defendant's failure to make payments will authorize the government

to activate the continuing garnishment without further order of the court until such timely payments are resumed.

Accordingly, it is now

**ORDERED**:

1. Defendant's Motion to Quash Writ of Garnishment (Doc. #104) is **GRANTED IN PART AND DENIED IN PART**.

2. The Writ of Garnishment is not quashed, and shall remain valid, subject to the following conditions:

(A) Defendant is required to make monthly restitution payments in the amount of $150.00 per month, and may satisfy this obligation by making bi-weekly payments of $75.00.

(B) If defendant timely makes her bi-weekly payment, the writ of garnishment for that bi-weekly period is suspended and there shall be no garnishment during that time period.

(C) If defendant fails to timely make her bi-weekly payment, the writ of garnishment for that bi-weekly period shall be activated and defendant shall be garnished in an amount not to exceed the delinquent amount for that bi-weekly period.

**DONE AND ORDERED** at Fort Myers, Florida, this __21st__ day of September, 2010.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record